yes uh your honors may peace the court and uh wish everyone safe and sound um um excuse me judge mr wong yeah the clock uh judge van dyke the clock is not showing the proper time right so we need to have the clock set to uh 10 minutes there it goes yes your honor go ahead go ahead mr wong yeah in this case um i request the court to find that both the adverse credibility finding of the immigration judge and the board are clearly erroneous and not supported by substantial evidence in this scenario um the uh real id act is misapplied in this case in uh denying a petitioner's asylum application and withholding of removal application the real id act and uh the president of this uh honorable court mandates that an immigration judge should first determine the testimony of the um applicants whether it is um credible persuasive and refers to facts sufficient to demonstrate a refugee status so mr wong mr wong this is judge i think the i the ij the immigration judge did actually make a credibility finding the bia uh i think declined to address whether there was clear error in the immigration judge's credibility finding what does that what does that do to the immigration judge's credibility finding does that does that mean that the credibility finding is is still um a a factual part of the record or what does that mean for us uh i am uh i'm saying uh the uh i'm uh citing this case uh in related to the cooperation requirements of the real id act um in this scenario in this case uh the board did not address the credibility finding of the ij and deny the claims of petitioners based on the lack of cooperation alone but uh the real idx mandates that uh both the ij and and and the board has to determine that uh the testimony alone could sufficient to uh meet the burden of proof first before they uh uh deny the uh corroboration uh of deny the claims based on corroboration in this case the ij's adverse credibility finding is clearly erroneous that means that ij did not make a right decision based on the real idx and um the applicant have never have a chance to uh to meet his burden of proof with his um credible persuasive and uh the facts of the case for his application of the asylum so uh in this scenario the real idx will will should not be applied in such a way by the board and it's a misapplication of the status and this case should be remanded and further i revised my uh written brief i would request the court the dishonorable court to make a decision and uh find respond uh petitioner uh has met the burden of proof and that he is statutorily eligible for for asylum and grant his asylum application and remand the the proceedings for withholding or removal or for security clearance check only because um in this case in this kind of a situation where the and was not addressed by the board at all and um so both the ij and the board would not be able to make a a correct decision upon remand regarding the credibility finding it is inherently impossible for them to make that to find uh the advocates testimony yes well if if to reverse what the bia did i guess what i'm curious about is in order for us to reverse what the bia did here the bia said i'm not going to decide i'm not going to address the adverse credibility finding whether that has i'm going instead he assumed i think without deciding that the petitioner was credible but then he decided that his credible testimony did not meet the burden that the ij did not err in saying the the credible testimony did not meet the burden and that the cooperating evidence didn't push it over the line either but for us to reverse that we have to we have to see that the record as a whole would compel a different finding does that mean that do we have to address the adverse credibility finding and see if that was clear error certainly i think uh the court has to address this adverse credibility finding and if the court addressed this ever to be adverse credibility finding if the court will find this adverse credibility finding is clearly and also not supported by substantial evidence so in this kind of situation i think this is the i don't know if this is the first in person um but uh i believe the court has uh uh have done that in uh t versus uh escort uh 328 fbd 593 uh 9 circus 2003 and uh to outright uh uh find with uh the the petitioner in that case uh credible and uh and grant the relief of asylum and we meant the case for i believe if i'm not wrong for withholding or removal only uh even though this is only a p this is a p id real id case i think uh this case is still applicable here and um i wish the court could address the adverse credibility finding of both the ij and the board i believe the board has deemed the ij's adverse credit finding is it's not uh it's okay it's not to create a wrongness but the board's decision is uh also uh legally uh wrongnesses in a way uh both in both is uh adverse could be finding and the cooperation uh requirements well thank you mr wong would you um this is judge van dyke would you like to reserve any time for you you have two minutes left would you like to reserve that for rebuttal uh yes okay yeah do you have any other questions judges before we switch over all right miss carter i think it looks like you're you're muted but i think i'm unmuted now you may proceed okay good morning may it please the court margo carter united states attorney general the court should deny the petition for review mr chen did not meet his burden of proof and no record evidence compelled the conclusion that he did he was represented by council he received six weeks to provide corroborating evidence after the that his testimony was insufficient when he ultimately did provide evidence it raised more questions than it answered miss carter i think it would be interesting to talk about some of the corroborating evidence i suspect but you you heard my questioning of mr wong the question i've gives an alternative ground and then on appeal to the bia the bia declines as they did here expressly the bia declines to address the question it doesn't doesn't overturn it doesn't explicitly uphold it just declines to address the question and rules on a different ground essentially assuming i think that the petitioner was credible but not deciding in order what what how what do we need to do in order to overturn the bia because typically we can't overturn the bia unless we've unless there's um clear uh unless the evidence as a whole and the record compels a different finding do we is the is the adverse credibility finding still in the part of that record as a whole that we have to um that we have to uh check whether it would compel a different finding or is that adverse credibility finding no longer in front of us i think the the adverse credibility finding was not rejected by the board the board simply set it aside and said look we have an alternate ground for reaching a decision and it's not necessary to address the adverse credibility finding right but if we wanted if we and i agree with that but if we disagreed with with the with the district courts i'm not saying whether i do or don't but if we disagree with the district court or i'm sorry that the bia's basis for decision and over to overturn the bia i would want to know what we would need to do would it be enough to um and and are you familiar with the ming dai case i am familiar with the ming dai case i think it's worth noting the ming dai case applies to this case i'm happy to talk about that um i think as an initial matter it's worth noting that the petitioner in this case has never raised ming dai nor has he raised the deemed credible rule so that's just at the outset that is not an issue that either party has reached in this case um and the petitioner acknowledges the adverse credibility finding and has not claimed um that the adverse credibility finding is somehow here um or that that he's deemed credible but um but in addition just on uh on the marriage counsel whether he's raised it or not i mean if we were to want to overturn if we were to overturn the bia i think we'd have to decide what you know what was the standard essentially what do we do with this adverse credibility finding it has not been disturbed by the bia but also it's not well and i think i think that's where it's worth getting into the languages of ming dai which is pretty clear that the absence of an adverse credibility finding was what was that issue in that case in that case the immigration judge never made an adverse credibility finding so there there was no adverse credibility finding um on the record when the board received it and in ming dai a panel from the court decided that um that a presumption of credibility applies where there is no adverse credibility finding here there was an adverse credibility finding and then what you have from the board is a sort of a critical statement that neither make ming dai say i think ming dai did say that uh where the bia declines to especially affirm an adverse credibility finding the court then quote may not deny the petition for review based on lack of credibility two thought two questions about that one is that dicta i tend to think it is because they did that wasn't the case in front of the court at in ming dai and number two how can that be reconciled with the statutory requirement that um that requires us to only reverse if if it's inconsistent if the ground is inconsistent with the record as a whole if it compels well i think one of the other things that ming dai was quite clear about was that the presumption only applies when the case is at the board so in other words if there's no adverse credibility finding the immigration judge's decision there can be a presumption of credibility on appeal i think that's how they put it to the board but that that presumption of credibility would not apply at the u.s court of appeals no i mean well i think ming dai went further and basically said it's more than a presumption i mean i'm not sure what you're saying is right incredible but yeah but but that's but that's only i think i'm what i'm trying to figure out is this ming dai's requirement is that only in a situation where um the ij did not um did not make an adverse credibility finding like in i don't know how ming i could have made a rule for a situation with ours i think ming dai is limited to the situation a very narrow situation where there is no adverse credibility finding in the immigration judge's decision i will note also that the government has um has a petition for re-hearing and we were unsuccessful in that sorry your petition for re-hearing on bonds were unsuccessful in that and we're now seeking um actually wrongly decided but obviously i know but i'm but i'm bound by it i'm bound by it but i'm trying to figure out what i'm counsel i'm bound by it but i'm trying to figure out what exactly i'm bound by am i bound by it in this case um because i don't know how ming dai did as far as i can tell and i think it was in a footnote or something basically had a passing reference to the fact that even where the ad unless the unless the adverse credibility finding ij is like affirmatively uh adopted by the bia but i don't know how ming dai could have could have said that in a binding way when that fact situation was not in front of the court yeah i think this is distinguishable and and that was not the situation that was presented to the court in ming dai there was there wasn't an adverse credibility finding there and there was here so for the court to step in and reverse the agency where there is an adverse credibility finding by the immigration judge followed by a somewhat equivocal finding on appeal and reach a completely new conclusion that the petitioner in this case is credible um would sort of abrogate the authority of the administrative agency in this case um sorry go ahead judge so so counsel the the real id act is uh added some language about about the right of an ij to see corroborating uh information so so when the i the ij can say i don't believe you're telling me the truth or an ij can say i don't know if you're telling me the truth but i need some additional corroborating evidence before i conclude that you are and if don't provide that evidence then i can't credit your testimony that's different from saying you you're just outright lying to the court and isn't that what the isn't that what the ij's alternate finding is here that's the via says we uphold the ij on the grounds that he has failed to come forward with enough proof as as we're entitled to ask for under the real id act to corroborate his testimony and therefore he hasn't made an affirmative case we but we're going to stop short you lied to the ij that is absolutely correct that is the um the burden of proof finding was really the dispositive finding that the board seized upon in its decision and they sort of set aside the adverse credibility finding i was just sort of trying to uh answer uh just a question about the effect of the um the board's treatment of the immigration justice i just don't agree with what i think i think judge five is i i i'm i'm tracking the word judge what judge bivy said what i was curious about is but if we were wanting to if we were in a position to want to overturn the bia's decision on on the basis of his decision what would we have to do and i think maybe we to say that we would have to to look at all of the evidence as a whole in the record and see if it compels a different result part of that evidence in the record would be the bia's adverse credibility finding so i think we maybe have to reach the i'm sorry the ij's adverse credibility finding i think we'd have to reach that if we wanted to overturn the bia here i don't think we could just assume that the the the ij was credible because that's part of the record but that's what i'm trying to figure out in other words it will what i'm talking about doesn't matter if you if we agree with the bia's basis of decision but with this alternative thing in the record i'm trying to figure out if we would have to reach that if we wanted this degree you can continue i know you're ahead of time but um i think in in this case if if you disagreed with the board of immigration appeals you would have to remand if it if your uh your issue with the board of immigration appeals is their lack of a finding on the credibility issue you'd have to remand under ventura i don't i don't actually i'm not sure that's true because here's the deal if i disagree with the bia that that you know the bia said the only basis the bia ruled on was they said well he's he's got a certain amount of let's assume credible but we're not going to decide let's assume credible testimony but that's not enough so let's get some more cooperating evidence but that's not enough either you add them together it's still not enough that's the bia's basis for decision that's the alternate decision from the ij but if we wanted to overrule that i don't think we could do that unless we pass through the question of whether or not he's actually not credible because that's another thing in the record so i think we'd have to go further and actually find clear air in the ij's decision that he's not credible um we wouldn't just be able to say well we don't agree with the bia on this other ground we'd actually have to decide the not credible if we're going to be consistent with the statute that says the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary and i think in that instance the petitioner hasn't really identified evidence that compelled the conclusion to the contrary in this case um could i could i just ask a clarification question i want to make sure i'm not um missing something so i was i was flipping back through the ming dai case during this discussion and i didn't see anything about corroborating evidence in that case am i right that that issue wasn't present in ming dai that is that is my understanding as well as that um well i think um i mean my my my sense of that case was that they just went the court just went through the petitioner's testimony and and you know said that it was improper for the for the bia to to um to not to credit it right not to not to grant the petition on the basis of that testimony but here i i mean this the issue as i understand the issue that's presented in this case is was the bia's analysis of the corroborating evidence that the ij had the to ask for um uh so wrong that no you know the the opposite conclusion is compelled that the bia reached and if we don't think that you know the bia could have reached only one conclusion about the corroborating evidence that's the end of the matter and if we think that if we think that the bia could have only reached one conclusion about the the corroborating evidence and and it's the opposite conclusion that the bia reached we would remand to the bia for further proceedings i assume right yeah well let me push back on you miss carver i'm not sure that's true because i think what would happen is if we reach the conclusion that that corroborating evidence doesn't actually push you across or does actually push you across the line assuming he's credible before we could remand we would actually because in the factual record is this finding that he's not credible we would actually have to go further and say not only does the corroborating evidence not push you across the line assuming he's credible but we would have to actually find if there was clear error in the ij's decision finding that he um wasn't credible if we didn't find that we would we would we would be bound by that factual finding unless we can find clear error on that you can agree i think because the board didn't really rule on it one way or the other doesn't matter the board doesn't have to rule on factual findings for them to stay in the record does it if the board doesn't address factual findings the board rules on let's say the board rules on a ground and it says these three factual findings we find support the ij's decision but the ij actually had six factual findings they found for us to overturn the board we would have to actually not just say that well i don't think those three didn't meet it but we would meet we would go to the other three also and have to show they didn't be it because we have to look at the record as a whole and find that administrative findings of fact are conclusive unless a reasonable adjudicator would be compelled to conclude with the contrary that's our scope of review from congress right no disagreement on the the standard of review no well it sounds about if you don't have any other any other questions i mean this is this is this was an interesting sort of question for me and i was kind of curious as to what your view on this was but uh if you do you have any other thoughts on it or judges you have any other questions on no all right well mr uh mr wong uh you can have a couple minutes here are you still there yes i'm still here and i i don't have much to add judge uh and i believe the bia has determined that the ij's uh uh decision it did not include any clear errors and uh that's another way of affirming the ij's factual finding and i believe the court should reach up which a decision uh based on the j's adverse question could be refunding as a whole to see if there's a clear errors and if the board if the court choose to reverse the bia decision i request the court to make a decision on the eligibility of the petitioner's application instead of demanding for further proceedings or if if the uh and uh that would be uh uh not fair to petitioner in a way okay you have anything else mr wong nothing further your honor well i think i think we're in the odd circumstance where mr wong appears to agree with me mrs carter will figure out she whether the other judges agree with me um thank you mr wong this case is submitted i appreciate appreciate your uh all right we're going to move on to the next case and the next case is
judges: Bybee, Vandyke, Chhabria